UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL L. FORTIN, )
                                                    )
      Plaintiff )
                                                    )
    v. )    1:14-cv-00223-GZS
                                                    )
KEVIN COX, )
                                                    )
      Defendant )

**RECOMMENDED DECISION**

In this action, Plaintiff Michael L. Fortin, an inmate at the Maine State Prison, alleges that Defendant Kevin Cox, a sergeant at the Prison, violated his rights by engaging in acts of verbal harassment. The matter is before the Court on Defendant's Motion to Dismiss. (Motion, ECF No. 14.)[1]

Following a review of the pleadings, and after consideration of the parties' arguments, as explained below, the recommendation is that the Court grant in part and defer in part Defendant's Motion to Dismiss.

**FACTUAL BACKGROUND**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).[2]

---

[1] The Court referred the motion for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.

In his complaint, Plaintiff alleges that on April 19, 2014, in Plaintiff's presence, Defendant stated that he had a fetish, and would take home the shoes of inmates and perform sexual acts with the shoes. Plaintiff suffers from post-traumatic stress disorder as a result of childhood sexual abuse, and felt vulnerable as a result of Defendant's statement. For relief, Plaintiff requests an award of $100,000 and that Defendant be terminated from his employment. (Complaint at 2.)

On August 14, 2014, Plaintiff filed a signed statement and an affidavit in support of his claim. (ECF Nos. 12-1, 12-2.)³ In his statement, Plaintiff asserted that Defendant's conduct violated the Prison's code of ethics and sexual misconduct policy, which code and policy are designed to enforce the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601. Additionally, Plaintiff alleged that he was a victim of sexual harassment, and that following the investigation of his complaint of Defendant's conduct, he was subjected to retaliation. According to Plaintiff, Defendant "apparently condoned" the retaliation, which an assault of Plaintiff through the use of a sally port sliding door. (ECF No. 12-1.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

---

³ For purposes of Defendant's motion, Plaintiff's original complaint (ECF No. 1) and the statement and affidavit (ECF Nos. 12-1, 12-2) are considered as Plaintiff's complaint.

## DISCUSSION

Defendant argues that Plaintiff's complaint is not actionable because Defendant's alleged statement does not and cannot constitute a constitutional violation. Defendant also contends that Plaintiff cannot recover damages for his emotional injury in the absence of a physical injury, and that the Court cannot grant Plaintiff the injunctive relief (i.e., termination of Defendant's employment) that Plaintiff seeks.

In his response to Defendant's request for dismissal, Plaintiff, referencing his statement and affidavit, represents that Defendant has been discharged from employment, and asserts that his allegations have been substantiated. Plaintiff contends that dismissal is inappropriate because he was subject to retaliation, and was "assaulted 'physically'" "with a sliding sally port door." (Plaintiff's Motion of Opposition, ECF No. 17-1.) Plaintiff also argues that Defendant supervised him for more than two months following the Defendant's alleged statement, which conduct constitutes a violation of the Prison Rape Elimination Act of 2003. (*Id.*) [4]

The federal civil rights statute, 42 U.S.C. § 1983, states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "creates a private right of action through which plaintiffs may recover against state actors for constitutional violations." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013). Section 1983 does not confer any substantive rights, but simply provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that

---

[4] Because Plaintiff is a *pro se* litigant, his Complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Plaintiff has not identified a specific provision of the United States Constitution that Defendant violated; instead, he complains of sexual harassment and retaliation in violation of the Prison Rape Elimination Act.

**A.     The Prison Rape Elimination Act**

The Prison Rape Elimination Act "does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008).

> The Prison Rape Elimination Act of 2003 ("PREA"), was enacted to address the problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction and punishment of prison rape. 42 U.S.C. § 15601. Nothing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate.

*Amaker v. Fischer*, No. 1:10-CV-00977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (collecting cases). Plaintiff, therefore, has not asserted and cannot assert an individual claim for a violation of PREA.

**B.     Verbal Harassment as Constitutional Claim**

The Fourteenth Amendment provides prisoners of the states with the same protection afforded to federal prisoners under the Eighth Amendment, which includes the right to be spared the imposition of cruel and unusual punishment. *Hall v. Florida*, 134 S. Ct. 1986, 1992 (2014). Neither verbal harassment nor even an idle threat by a prison official rises to the level of a constitutional injury. *Brown v. Deparlos*, 492 Fed. App'x 211, 215 (3d Cir. 2012) (unpublished); *Jones v. Porter*, 211 F.3d 1269 (6th Cir. 2000) (unpublished). Plaintiff's claim for damages based on Defendant's statement, which Plaintiff contends constitutes harassment, thus is not actionable.

C.  **Retaliation**

"Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983." *Powell v. Alexander,* 391 F.3d 1, 16 (1st Cir. 2004). However, "[b]ecause prisoner retaliation claims are 'easily fabricated[ ] and ... pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' courts must insist that such claims are bound up in facts, not in the gossamer strands of speculation and surmise." *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir. 2011) (quoting *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003)).

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights,[5] and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Id.*

In his reply memorandum, Defendant argues that Plaintiff's allegations are insufficient to support a retaliation claim because Plaintiff has not alleged sufficiently that Defendant condoned the act of striking Plaintiff with the sally port door. (Reply at 2.) In support of that argument, Defendant notes that Plaintiff has alleged only that Defendant "apparently condoned" the conduct in question. (*Id.*)

Under 42 U.S.C. § 1983, a supervisory official may be held liable for the behavior of his subordinates only if (1) the behavior of a subordinate results in a constitutional violation, and (2) the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference. *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008). "The

---

[5] In the first amendment context, an adverse action must be "more than *de minimis*," which means the action must be sufficient to chill a person of ordinary firmness in the performance of future first amendment activities. *Pope v. Bernard,* No. 10–1443, 2011 WL 478055, at * 2 (1st Cir. 2011) (per curiam) (unpublished). Defendant has not argued that Plaintiff's allegation of being struck with a door necessarily alleges a *de minimis* act of retaliation.

requirement of an 'affirmative link' between the behavior of a subordinate and the action or inaction of his supervisor 'contemplates proof that the supervisor's conduct led inexorably to the constitutional violation.'" *Id.* (quoting *Hegarty v. Somerset County,* 53 F.3d 1367, 1380 (1st Cir. 1995)).

The issue is whether Plaintiff's allegation that Defendant "apparently condoned" Defendant's conduct is sufficient to allege supervisory based liability. Civil rights cases, even in the prisoner context, do not include a heightened pleading standard. *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). Thus, a complaint is subject to summary dismissal for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002)). Here, a review of Plaintiff's complaint reveals that Plaintiff has articulated a plausible basis from which one could infer that Defendant, a supervisory official, condoned the use of force against Plaintiff in retaliation for Plaintiff reporting Defendant's conduct to Defendant's employer.

Although Plaintiff has alleged sufficient facts to support a claim that Defendant condoned retaliatory action, including the use of force, against Defendant, Plaintiff has not alleged that his report to Defendant's employer constitutes an activity that is protected by law and for which Defendant can be held legally responsible. In this way, Plaintiff has failed to state a retaliation claim.

Because Plaintiff might have believed that he asserted that he was engaged in a protected activity when he reported Defendant's conduct through the filing of a grievance, Plaintiff could seek to amend his complaint even if this Recommended Decision included a recommendation for dismissal of the retaliation claim. Judicial economy, therefore, militates in favor of permitting

Plaintiff an opportunity to amend his complaint before deciding whether to dismiss his claim of retaliation.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant in part and defer in part Defendant's Motion to Dismiss. The recommendation is that the Court (1) dismiss Plaintiff's claim based on Defendant's alleged violation of PREA; (2) dismiss Plaintiff's claim based on Defendant's alleged verbal harassment; and (3) defer ruling on Plaintiff's claim based on Defendant's alleged retaliation until Plaintiff has had the opportunity to amend his complaint. The further recommendation, therefore, is that the Court allow Plaintiff fourteen (14) days from the date of the Court's order on this Recommended Decision to amend his complaint. If Defendant does not amend his complaint, or if Plaintiff does not assert that his report to Defendant's employer was a recognized protected activity, the recommendation is that the Court dismiss Plaintiff's claim based on retaliation, which dismissal would result in the dismissal of the entire case.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of November, 2014.