UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL L. FORTIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) 1:14-cv-00223-GZS |
| | ) |
| KEVIN COX, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**[1]

On November 24, 2014, I issued a Recommended Decision on Defendant's Motion to Dismiss. (ECF No. 20.) Specifically, I recommended that the Court (1) dismiss Plaintiff's claim based on Defendant's alleged violation of the Prison Rape Elimination Act; (2) dismiss Plaintiff's claim based on Defendant's alleged verbal harassment; and (3) defer ruling on Plaintiff's claim based on Defendant's alleged retaliation until Plaintiff had the opportunity to amend his complaint.

Defendant objected to the recommendation that the Court permit Plaintiff an opportunity to amend his complaint. (ECF No. 22.) On December 5, 2014, Plaintiff filed a motion to amend his complaint.[2] (ECF No. 21.) Defendant filed an objection to the Motion to Amend. (ECF No. 23.)

---

[1] This Recommended Decision includes a recommendation on Plaintiff's Motion to Amend (ECF No. 21), and a supplemental recommendation on Defendant's Motion to Dismiss. (ECF No. 14.)
[2] The Court referred the Motion to Amend.

As explained below, following a review of Plaintiff's Motion to Amend, and after consideration of the parties' arguments, the recommendation is that the Court grant Plaintiff's Motion to Amend.[3]

## DISCUSSION

Courts should grant leave to amend "freely" when "justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights,[4] and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir. 2011). In the Recommended Decision on Defendant's request for summary judgment, I determined that in his complaint, Plaintiff had not sufficiently identified the protected activity in which he was engaged when he reported Defendant's conduct to Defendant's employer.

---

[3] Although a motion to amend is within the magistrate judge's authority, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), because the Motion is directly related to, and in fact was filed in response to, the Recommended Decision that I previously issued on Defendant's Motion to Dismiss (ECF No. 20), and particularly given that in its review of the interrelated decisions the Court will determine whether Plaintiff can proceed on his claim, I concluded that it was appropriate to issue a recommended decision on the pending motion, to afford the Court, in the event a party objects to this recommendation, the opportunity to apply the same standard of review to both decisions.

[4] In the first amendment context, an adverse action must be "more than *de minimis*," which means the action must be sufficient to chill a person of ordinary firmness in the performance of future first amendment activities. *Pope v. Bernard,* No. 10–1443, 2011 WL 478055, at * 2 (1st Cir. 2011) (per curiam) (unpublished). Defendant has not argued that Plaintiff's allegation of being struck with a door necessarily alleges a *de minimis* act of retaliation. On this issue, Plaintiff also states in his Motion to Amend that Defendant subjected him to certain disciplinary measures without justification. (Motion to Amend at 2.)

In his Motion to Amend, Plaintiff asserts that "my report [to Defendant's supervisor] was recognized as a protected activity, under the First Amendment." (Motion to Amend at 3.) Despite referencing a mere "report" in his Complaint and his Motion to Amend, Plaintiff previously filed an affidavit in which he stated that he formally grieved the matter on April 24, 2014, and demanded an apology for the offensive comment. (ECF No. 12-2, PageID # 24; ECF No. 12-3.)[5]

The filing of a prison grievance is considered protected activity for purposes of the First Amendment. *Hannon*, 645 F.3d at 48 ("The plaintiff, in filing his own grievances and legal actions, plainly engaged in protected activity.") To be protected under the First Amendment, a grievance must not be frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

As alleged, Plaintiff's report, which consists of the filing of the grievance, is a protected activity. In addition, given the relatively deferential standard of review on a motion to dismiss, and given that Plaintiff alleges a report of sexual harassment that resulted in an investigation, Plaintiff's allegation cannot be construed as frivolous. Accordingly, the amendment would not be futile, and otherwise should be allowed.[6]

## CONCLUSION

Based on the foregoing analysis, the recommendation is (1) that the Court grant Plaintiff's Motion to Amend, and (2) that the Court deny Defendant's Motion to Dismiss Plaintiff's retaliation claim.[7]

---

[5] Plaintiff's Motion to Amend does not include a proposed amended complaint that includes all of his allegations. However, given that Plaintiff is a *pro se* prisoner untrained in litigation practice, I have considered, and recommend that the Court consider, the substantive allegations that he has made in his various filings for purposes of assessing whether the amendment would be futile.

[6] In his opposition to Plaintiff's Motion to Amend, Defendant reiterates his contention that Plaintiff has not adequately alleged that Defendant condoned the retaliatory conduct and, therefore, the proposed amendment would be futile. As explained in the November 24, 2014, Recommended Decision, Plaintiff has, for purposes of Defendant's Motion to Dismiss, stated a claim.

[7] In the November 24, 2014, Recommended Decision, I recommended that the Court defer ruling on Defendant's Motion to Dismiss until after Plaintiff was afforded the opportunity to amend his complaint. As explained above, I conclude that Plaintiff's Motion to Amend, when assessed in the context of all of Plaintiff's filings, is not futile and should be granted. In his filings, therefore, Plaintiff sufficiently alleges a retaliation claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of January, 2015.