UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL L FORTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   1:14-cv-00223-GZS |
| | ) |
| KEVIN COX, | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDED DECISION AND ORDER**

The matter is before the Court on Plaintiff Michael Fortin's Proposed Joinder of Parties (ECF No. 38), through which motion Plaintiff seeks leave to expand his civil rights action to include as additional defendants the Maine Department of Corrections, Rodney Bouffard, Antonio Mendez, and Greg Thayer.[1] The motion is opposed (ECF No. 39), except as to the addition of Mr. Thayer as a defendant.

Following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court deny the motion as to the Department of Corrections, Mr. Bouffard and Mr. Mendez. Plaintiff's request to join Mr. Thayer as a defendant is granted without objection.

**BACKGROUND**

Plaintiff filed this action on May 30, 2014, naming Kevin Cox as the sole defendant. Plaintiff's lone claim is based on the alleged use of force against Plaintiff in retaliation for conduct protected by the First Amendment. The protected conduct consisted of reporting an officer for

---

[1] The Court referred the motion for report and recommended decision.

sexual harassment. As alleged, Defendant Cox condoned the retaliation in his supervisory capacity. Plaintiff's allegations regarding the proposed additional defendants are related in the ensuing discussion.

## STANDARD OF REVIEW

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

## DISCUSSION

Plaintiff's motion was filed within the deadline for amendment of the pleadings, and the record lacks any suggestion of an improper motive or prejudice to the Defendants. Unless the proposed claims would be futile, therefore, leave to amend should be freely given. *Foman*, 371 U.S. at 182.

As discussed below, Plaintiff states a claim against Mr. Thayer. Plaintiff's proposed amendment, however, fails to state a claim against the Department of Corrections, Mr. Bouffard, or Mr. Mendez.

**A.     Greg Thayer**

According to Plaintiff, Mr. Thayer is the officer who allegedly applied the force in question.[2] The request to join Mr. Thayer is not opposed. The request to join Mr. Thayer is granted.

**B.     The Maine Department of Corrections**

In support of his request to join the Maine Department of Corrections, Plaintiff explains that he believes that the Department would be joined automatically based on his original claim against Mr. Cox. Plaintiff's proposed claim against the Department would be futile because the statute under which his claim arises, 42 U.S.C. § 1983, does not apply to the State of Maine or its agencies, and because Plaintiff cannot sue the State of Maine or its agencies in federal court without the State's consent. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65–66 (1989); *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985).

**C.     Antonio Mendez**

According to Plaintiff, Antonio Mendez was the "Close Unit Manager" and immediate supervisor of Mr. Cox. Plaintiff alleges that Mr. Mendez attempted to persuade Plaintiff to resolve his sexual harassment grievance informally, "even though Maine State Prison Policy [and] Procedure clearly states there will be no informal resolution for a sexual misconduct or sexual harassment grievance." (PageID # 112.) Additionally, Plaintiff asserts that Mr. Mendez sought to resolve informally Plaintiff's grievance against Mr. Thayer for "tampering with a witness and intimidation." (*Id.*) Lastly, Plaintiff maintains that contrary to prison policy, Mr. Mendez did not immediately notify the chief administrator of the sexual harassment claim. (*Id.*)

---

[2] Mr. Thayer is not alleged to have engaged in the conduct that is the basis of Plaintiff's sexual harassment claim.

The policies and procedures on which Plaintiff relies to support his claim are not dictated by the United States Constitution. In addition, the Constitution does not prohibit prison authorities from attempting to resolve prisoners' complaints or grievances on an informal basis. *Sandin v. Conner*, 515 U.S. 472, 482 – 83 (1995); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of … grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Moreover, to serve as an independent basis for a retaliation claim, a perceived adverse action by a prison official must be sufficient to deter a person of ordinary firmness from exercising his constitutional rights in the future. *Pope v. Bernard,* No. 10–1443, 2011 WL 478055, at * 2 (1st Cir. 2011) (per curiam) (unpublished). Plaintiff has not alleged any facts that could plausibly support the conclusion that a person of ordinary firmness would be chilled in the exercise of his rights as the result of Mr. Mendez's actions.

Because Plaintiff's allegations regarding the process followed by Mr. Mendez (i.e., the attempt at informal resolution, the failure to advise the chief administrator of the alleged harassment) do not state a claim, Plaintiff's proposed claim against Mr. Mendez is based entirely on the fact that Mr. Mendez held a supervisory office.

> Under 42 U.S.C. § 1983, a supervisory official may be held liable for the behavior of his subordinates only if "(1) the behavior of [his] subordinates results in a constitutional violation, and (2) the [supervisor]'s action or inaction was affirmative[ly] link[ed] to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 902 (1st Cir. 1988) (internal citations and quotation marks omitted). The requirement of an "affirmative link" between the behavior of a subordinate and the action or inaction of his supervisor "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Hegarty v. Somerset County,* 53 F.3d 1367, 1380 (1st Cir. 1995).

*Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008).  Plaintiff has not alleged facts that could support a finding that the failure to notify the chief administrative officer (Rodney Bouffard) encouraged, condoned, acquiesced, or otherwise "led inexorably to" the alleged act of retaliation by Mr. Thayer.[3]  *Id*.  Plaintiff thus has failed to allege facts that would support an actionable claim against Mr. Mendez.  Plaintiff's joinder of Mr. Mendez, therefore, would be futile.

**D.     Rodney Bouffard**

Plaintiff seeks to join Rodney Bouffard because he is the warden and chief officer at the prison and he allegedly violated "every policy and procedure … on sexual misconduct" by failing to prevent any and all contact between Plaintiff and the officer who sexually harassed him and by failing to monitor Plaintiff for 90 days to prevent any retaliation against him.  (PageID ## 114 – 115.)  The proposed claim against Mr. Bouffard is even more attenuated than the proposed claim against Mr. Mendez, particularly given Plaintiff's assertion that Mr. Mendez did not inform Mr. Bouffard of the underlying sexual harassment charge.  Because Plaintiff has failed to assert any facts from which one could reasonably find the necessary link between Mr. Bouffard's alleged conduct and the alleged retaliation, Plaintiff has not stated a plausible supervisory claim.  Accordingly, Plaintiff's joinder of Mr. Bouffard would be futile.

## CONCLUSION

Based on the foregoing analysis, I grant Plaintiff's request to amend his complaint to join Greg Thayer as a defendant.  Plaintiff shall file the amended complaint within fourteen (14) days of the date of this recommended decision and order.  In addition, I recommend that the Court deny

---

[3] Mr. Thayer is not the individual who allegedly harassed Plaintiff.

Plaintiff's Proposed Joinder of Parties (ECF No. 38) with respect to the Department of Corrections, Rodney Bouffard, and Antonio Mendez. [4]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2015.

---

[4] Because the joinder of Mr. Thayer is not dispositive of any claim or defense, a recommended decision is not required. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72. However, because denial of Plaintiff's request to join the other proposed defendants would be dispositive of Plaintiff's claims against them, a recommendation is offered with respect to those defendants.