UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL L. FORTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00223-GZS |
| | ) | |
| KEVIN COX, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiff Michael L. Fortin alleges that Defendant Kevin Cox violated his constitutional rights while Plaintiff was an inmate at the Maine State Prison. The matter is before the Court on Defendant's Motion to Dismiss for Lack of Prosecution (ECF No. 49).[1]

Defendant's motion follows the Court's September 22 Order to Show Cause (ECF No. 43), which directed Plaintiff to show cause as to why he failed to file an amended complaint on or before September 8, 2015, in accordance with the Recommended Decision and Order of August 25, 2015. (ECF No. 40). Plaintiff's last filing with the Court was his request to amend his complaint to join additional parties. (ECF No. 38.)[2]

Pursuant to Federal Rule of Civil Procedure 41, a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action or to comply with court rules and court orders. Fed. R. Civ. P. 41(b). Unless the court directs otherwise, an order granting such a motion "operates as an adjudication on the merits." *Id.*

---

[1] The Court referred the motion for report and recommended decision.

[2] On August 25, 2015, the Clerk's Office mailed to Plaintiff the Recommended Decision and Order. That mail was not returned as undeliverable. Defendant filed an affidavit asserting that Plaintiff was released from custody in September and he did not provide a forwarding address. (Affidavit of Eric Wildes ¶ 8, ECF No. 49-1.)

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). Dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *Id.*

In this case, Plaintiff has not responded to any of the Court's recent orders, has evidently not contacted counsel for Defendant, and has otherwise not communicated with the court in more than five months. Plaintiff's lack of contact with the court for more than five months, particularly given Plaintiff's failure to provide the court with a current mailing address, can be fairly characterized as a failure to prosecute. Indeed, to continue the matter on the court's docket without any evidence to suggest that Plaintiff will soon pursue his claim would unreasonably interfere with the court's ability to manage its business and would create further uncertainty for Defendant regarding this litigation. Dismissal, therefore, is warranted.

Although dismissal is appropriate, the issue is whether the dismissal should be with prejudice. As explained above, dismissal with prejudice for a failure to prosecute is an extreme sanction. A person who is released from incarceration can encounter many challenges, which often include securing a new residence. The challenges can also otherwise interfere with a person's ability to prosecute litigation. Under the circumstances, Plaintiff's failure to prosecute the matter for five or six months does not constitute extreme conduct. Accordingly, a dismissal without prejudice is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant Defendant's Motion to Dismiss pursuant to Rule 41(b), and dismiss the action without prejudice. If the Court adopts the

recommendation, the Order to Show Cause (ECF No. 43) would be moot. I thus further recommend that the Court dismiss as moot the Order to Show Cause.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of December, 2015.